**In re UNITED CIGAR STORES CO.**

**SANDMEYER et al. v. IRVING TRUST CO.**

No. 366.

Circuit Court of Appeals, Second Circuit.

July 23, 1936.

*Writ of certiorari denied 57 S. Ct. 193, 81 L. Ed. ——.

Gilbert, Diamond & Brandeis, of New York City, and Solomon E. Harrison and Benjamin I. Morris, both of Chicago, Ill. (Milton Diamond, Susan Brandeis and Emanuel Feldberg, all of New York City, of counsel), for appellants.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Donald C. Swatland and Rosewell L. Gilpatric, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order expunging a claim against the debtor in reorganization, which arose out of the following facts: On March 4, 1920, the claimants leased a parcel of land in Chicago to the debtor for twenty-five years at an annual rent of $6,000. The lessee covenanted to pay the rent, not to assign the lease without the written consent of the lessors; and, if it should default in any of the covenants, or be adjudicated a bankrupt, and if the lessors should then re-enter as they might, to indemnify them for any loss of rent. On the 21st of August, 1932, the lessee without the lessors' consent assigned the term to a subsidiary corporation, organized in Illinois. On August 29, 1932, it filed an involuntary petition in bankruptcy and was adjudicated; the Irving Trust Company was elected its trustee. It did not appear that the lessors had notice of the assignment until the 2nd of March, 1933, when they entered into an agreement with the assignee which recited it. In this agreement the assignee covenanted to assume all the undertakings in the original lease, including certain unpaid taxes for the prior years; but the term was cut down by seven years, and the rent reduced from $6,000 to $4,000. The claim in suit is for $2,000 a year from March 2, 1933, the amount of the rent released by

the amendment of that date. The referee expunged the claim, and the judge affirmed his order. Claimants then appealed.

The lessee's covenant to pay the rent, which was all that survived the assignment, was to "pay to the Lessor the said rent"; that is, the rent that had just been reserved in the lease. The agreement between the lessors and the assignee was expressly stated at the end to be an "amendment" of the lease, which it "ratified, approved and confirmed," as amended. The reduction of rent was phrased thus: "So that the rental in said lease, as the lease is hereby amended, be reduced from Six Thousand Dollars ($6000) to Four Thousand Dollars ($4000)." The assignee became the tenant, certainly when the lessors accepted it by the agreement. The lessors might change the rent by agreement with it, for rent is conceived primarily, not as sounding in contract, but as though it were the product of the term, whence the phrase, "reserving" or "yielding" the rent. All the lessee ever promised to pay was, not the amount specified in the lease as rent, but the rent which should actually become due under the lease. Therefore, when that rent was lawfully reduced, the performance required by the covenant was reduced with it. The claim is destitute of merit.

Order affirmed.